**Lowell T. CORMIER; Patsy D. Cormier, individuals and all others similarly situated, Plaintiffs–Appellants,**

v.

**DISCOVER BANK, et al., Defendants–Appellees.**

**No. 05–36019.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 21, 2006.

Lowell T. Cormier, Everett, WA, pro se.

Patsy D. Cormier, Everett, WA, pro se.

Sarah Elyse Haushild, Esq., Lane Powell, PC, Douglas E. Smith, Esq., Lane Powers Spears Lubersky LLP, Patrick James Layman, Esq., David A. Weibel, Krista L. White, Esq., Bishop White Miersma & Marshall PS, Seattle, WA, Michael Charles Held, Esq., Snohomish County Prosecuting Attorney's Office, Everett, WA, for Defendants–Appellees.

Patrick James Layman Esq., Seattle, WA, pro se.

Krista L. White, Esq., Seattle, WA, pro se.

\*\* The panel unanimously finds this case suitable for decision without oral argument. See

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM \*\*

Lowell T. Cormier and Patsy D. Cormier appeal pro se from the district court's summary judgment in favor of defendants in the Cormiers' action alleging fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Steele v. Hosp. Corp. of America,* 36 F.3d 69, 70 (9th Cir.1994), and we affirm.

The district court properly granted summary judgment on the Cormiers' RICO claims against Snohomish County Superior Court Judges Thorpe and Wynne because they are entitled to judicial immunity. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).

The district court properly granted summary judgment on the Cormiers' claims against Krista White because they did not include any allegations against her in their complaint and failed to provide any evidence of her wrongdoing on summary judgment. *See River City Markets, Inc. v. Fleming Foods West, Inc.,* 960 F.2d 1458, 1464 (9th Cir.1992) (holding that summary judgment is proper where plaintiffs failed to meet their burden of establishing all the elements of a RICO claim).

The district court properly granted summary judgment on the Cormiers' RICO claim against Discover and Discover's attorneys because their unsupported allegation that defendants entered into sworn agreements to defraud them did not demonstrate the existence of an enterprise and a pattern of racketeering activity. *See id.* Furthermore, the Cormiers did not identi-

Fed. R.App. P. 34(a)(2).

fy the specific injury caused by defendants' alleged racketeering activity. *See Steele,* 36 F.3d at 70 (affirming summary judgment where plaintiff failed to demonstrate that the alleged RICO violation caused a concrete financial loss).

The Cormiers' remaining contentions are unpersuasive.

**AFFIRMED.**